STATE OF MISSOURI Respondent, *v.* PETER CONNELLY, Appellant.

April 1, 1879.

Where the judge, in a criminal case, after the jury have retired, directs the marshal, in the presence of the prisoner and his counsel, to go and see if the jury want any further instructions, and the marshal returns and reports that the jury want no further instructions, but will report in a few minutes, and the jury shortly after return a verdict of guilty, this is no such communication between the judge and jury, while the latter are considering the case, as warrants a reversal.

APPEAL from St. Louis Criminal Court.
*Affirmed.*
FRANKLIN FERRIS, for appellant.
LEWIS B. BEACH, for respondent.

BAKEWELL, J., delivered the opinion of the court.

Appellant was convicted of grand larceny. The only point relied upon for a reversal is the action of the court after the jury had retired, which is thus stated in the record : —

"After the jury had retired about an hour, the court being about to take a recess for dinner, the judge told the marshal of the court to go into the jury-room and see if the jury wanted any further instructions. The marshal did so, and reported to the court that the jury did not want any further instructions, and said they would be through in a few minutes.

"This was about one o'clock in the day, and the court was at the time sitting in the trial of other causes, and continued to sit during the remainder of the day. About half-past one o'clock, the jury came in with a verdict of guilty, and assessed the punishment at two years in the penitentiary."

We do not regard this as such communication between the court and the jury whilst considering of their verdict as necessitates the reversal of the case. There was no such private communication in the absence of the prisoner and his counsel as in the case of *The State* v. *Alexander*, recently decided by the Supreme Court and not yet reported. Nor was any direction given to the jury, as in that case ; nor can it be said that the court in any way interfered with the jury whilst considering of their verdict. *Sargent* v. *Roberts*, 1 Pick. 341, to which we are referred, was a case in which the jury addressed a note to the judge in chambers, to which he replied giving them directions. The substance of the communication was unexceptionable, but the judgment was reversed on the ground that no communication whatever ought to take place between the judge and the jury after they have retired, except in open court, and, where practicable, in presence of counsel in the case. That case has been criticised as "pushing judicial coyness to the very verge of

mere prudery" (*Goldsmith* v. *Solomon*, 2 Strobh. 301); and in the case just cited, it was held that the fact that the presiding judge answered an inquiry of the foreman (which he came in to make after the jury had retired for consultation), without communicating its purport to parties or counsel, affords no ground for new trial, and that a great deal in these matters must be left to the discretion of the judge. In that case, the direction given was as to the form of a verdict on which the jury had already agreed, and it was given whilst the court was in session.

Any communication, oral or written, had between the judge and the jury otherwise than in open court would be very objectionable. In the present case, the communication was oral; it was addressed to the marshal in open court, aloud; no objection was made at the time. It appears that it could have had no influence upon the verdict, and we do not consider that it furnishes ground for granting a new trial.

The judgment is affirmed. All the judges concur.